IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN S. ANDERSON,

      Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

No. CIV.S-04-2637 DAD

ORDER

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded with the direction to grant benefits.

**PROCEDURAL BACKGROUND**

      On April 16, 1998, plaintiff Karen Sue Anderson protectively filed for Disability Insurance Benefits under Title II

1

of the Social Security Act (the "Act").  (Transcript ("Tr.") at 92-95.)  The Commissioner denied plaintiff's application initially and on reconsideration.  (Tr. at 72-75, 78-81.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on July 20, 1999, at which time plaintiff was represented by counsel.  (Tr. at 38-69.)  In a decision issued on August 17, 1999, the ALJ determined that plaintiff was not disabled.  (Tr. at 16-35.)  The Appeals Council declined review on March 15, 2002.  (Tr. at 5-6.)

Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing a complaint in this court.  (See Anderson v. Comm'r of Social Security, No. CIV.S-02-0977 DAD.)  By stipulation and order filed January 16, 2003, the court remanded the matter for further proceedings, directing the ALJ to address the credibility of the lay evidence and, if appropriate, obtain evidence from a vocational expert.  (See id., Doc. no. 16.)

Another hearing was held before an ALJ on February 3, 2004, at which time plaintiff again was represented by counsel.  (Tr. at 661-714.)  Additional testimony was heard from plaintiff as well as from a vocational expert.  (Id.)  In a decision issued on October 26, 2004, the ALJ again determined that plaintiff was not disabled.  (Tr. at 375-89.)  The ALJ entered the following findings:

      1.   The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits only through December 31, 2002.

/////

2

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's depression and anxiety are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. I find the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has moderate restriction in activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace and no episode of decompensation.

7. The claimant retains the residual functional capacity to: lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and walk up [to] 6 or more hours in a normal workday and sit the remainder of ... a normal workday. Postural activities should be performed on an occasional basis. The claimant should avoid exposures to heights and moving machinery. The claimant is capable of perform[ing] simple, repetitive, and routine tasks. The claimant should also have limited public contact. Thus, the claimant was capable of performing a wide range of light work.

8. The claimant's past relevant work as bookkeeper did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).

/////

3

>     9.  The claimant's medically determinable depression and anxiety do not prevent the claimant from performing her past relevant work.
>
>     10. Even if the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rules 202.14 and 202.15 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a small parts assembler, a light, unskilled with (97,000) in the region, a light, unskilled small parts assembler and as a sedentary, unskilled small parts assembler.
>
>     11. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(Tr. at 388-89.) The ALJ's decision became the final decision of the Administration[1] and plaintiff sought judicial review by filing the complaint in this action on December 14, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

---

[1] The parties do not indicate whether the Appeals Council declined review of this decision, and the court sees no documentation of such a denial in the lengthy administrative record. Nonetheless, it is undisputed that the ALJ's decision of October 26, 2004, is a final decision of the Commissioner.

4

1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

5

>Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his or her past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances a number of arguments in her motion for summary judgment.  First, plaintiff argues that the ALJ's mental residual functional capacity determination is not supported by substantial evidence.  Second, plaintiff contends that the ALJ erred in finding plaintiff capable of performing her past relevant work as a bookkeeper.  Third, plaintiff asserts that the ALJ's hypothetical question posed to the vocational expert failed to incorporate all of plaintiff's limitations.  Fourth, she maintains that the ALJ failed to evaluate the credibility of the lay testimony offered by Vicki Anderson, plaintiff's sister.  Fifth, plaintiff argues that the ALJ

6

erred in his assessment of the severity of plaintiff's physical impairments. The court addresses plaintiff's arguments below.

Beginning with plaintiff's first argument, the ALJ found plaintiff limited to "simple, repetitive, and routine tasks" and to work that has "limited public contact." (Tr. at 386, 388.) Plaintiff argues that substantial evidence does not support this finding regarding her mental residual functional capacity because the ALJ improperly assessed the opinions of examining psychologist Charles House, Ph.D. (Tr. at 425-32) and examining psychiatrist Alberto G. Lopez, M.D. (Tr. at 360-71, 610-23). Plaintiff's argument is persuasive.

Where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it. See Lester, 81 F.3d at 830. Where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record." Id. Where the Commissioner fails to provide adequate reasons for rejecting the opinion of an examining physician, that opinion may be credited as a matter of law. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (quoting Lester, 81 F.3d at 834), cert. denied, 531 U.S. 1038 (2000).

The opinion of Dr. House at issue is his functional assessment of plaintiff in which he opined as follows:

/////

/////

>      The claimant will have difficulty maintaining
>      regular attendance in a work situation and a
>      psychiatric disorder (depressed mood) will cause
>      significant disruptions in the workplace.

(Tr. at 431.)  The ALJ rejected that finding, explaining that it "may reflect inaccurate transcription or a typographical error, since the statement is manifestly incongruous with the remainder of his report."  (Tr. at 385.)  The ALJ attributed "significant weight" to Dr. House's other findings which reflected no limitations concerning plaintiff's abilities to manage funds, perform simple or complex tasks, accept instructions and interact with others.  (Tr. at 385, 431.)

Presumably, the ALJ believed that Dr. House intended to state that plaintiff "will _not_ have difficulty maintaining regular attendance" and "a psychiatric disorder (depressed mood) will _not_ cause significant disruptions."  If that were Dr. House's intended finding, his report reflects more than a mere typographical error.  Rather, the report would have mistakenly omitted the key word "not" in two different places.  Such speculation by the ALJ is both implausible and unsupported.

Admittedly, Dr. House's finding regarding plaintiff's abilities to maintain regular attendance at work and complete a normal workday without interruption from a psychiatric disorder stands in contrast to his other functional assessment findings.  (Tr. at 431.)  However, ignored by the ALJ is the fact that concerns about attendance and interruptions are reflected elsewhere in Dr. House's report.  Specifically, Dr. House noted plaintiff's complaints of a

"depressed mood [which] frequently leads to rage reactions in which she is frightened of homicidal acting out." (Tr. at 426.) Plaintiff reported that she did not have an "understanding or suggestions as to why she is more rage-full now" and "acknowledges episodes of anxiety and reports of soft symptoms of a panic disorder." (Id.) Plaintiff was "fearful of leaving her home because of her recent rage attacks[.]" (Id.)

During his mental status examination of plaintiff, Dr. House also noted irregularities in plaintiff's speech, stream of mental activity and thinking. (Tr. at 428.) Plaintiff's mood was "markedly depressed." (Id.) Further, Dr. House set plaintiff's Global Assessment of Functioning ("GAF") at 50. (Tr. at 431.) According to the fourth edition of the DSM ("DSM-IV"), a GAF of 41-50 is indicative of the following: "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

Finally, Dr. House's finding regarding plaintiff's limitations as reflected in his report is supported by the mental health treatment notes of another provider taken around the same time. Dr. House examined plaintiff on September 12, 2003. (Tr. at 425.) A week earlier on September 4, 2003, staff at San Joaquin County Mental Health Services noted similar concerns regarding

/////

9

"marked irritability/rage" and prescribed medication at that time for "immediate mood stabilization."  (Tr. at 630.)

For these reasons, substantial evidence does not support the ALJ's reasoning that Dr. House's report reflects "inaccurate transcription or a typographical error" and is "manifestly incongruous with the remainder of his report."  (Tr. at 385.) Therefore, the ALJ failed to set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. House's opinion that plaintiff "will have difficulty maintaining regular attendance in a work situation and a psychiatric disorder (depressed mood) will cause significant disruptions in the workplace."  (Tr. at 431.)

The same can be said with respect to the ALJ's treatment of the opinion of Alberto G. Lopez, M.D.  Dr. Lopez examined plaintiff on two occasions and authored two reports, one dated June 23, 1999 and another dated December 1, 2003.  (Tr. at 360-71, 610-23.)  In sum, Dr. Lopez's reports reflect his opinion that plaintiff has poor or no abilities to make various occupational adjustments and is moderately or markedly impaired in a number of categories of mental functioning.  (Id.)  If credited, Dr. Lopez's reports indicate that plaintiff is disabled.

The ALJ rejected Dr. Lopez's opinions, explaining that they were obtained "for the purpose of applying [for] Supplemental Security Income payments" and at the request of plaintiff's counsel. (Tr. at 384, 385.)  However, given the other evidence in the record before the ALJ, such is not a legitimate reason for rejecting the

10

opinions.  Rather, it has been recognized that the fact that an examination was conducted at the request of counsel is irrelevant unless the physician's "wholly conclusory opinion [is] unsupported by any objective medical findings, personal observations or test reports" or there is evidence physician is "deliberately attempting to mislead the ALJ for the purpose of helping claimant obtain benefits."  Nguyen v. Chater, 100 F.3d 1462, 1464-65 (9th Cir. 1996).

The ALJ also rejected the opinion set forth in Dr. Lopez's reports because they did not "report the observation of any signs or symptoms or psychiatric conditions" and reflected "unquestioning acceptance of the claimant's allegations."  (Id.)  However, these stated reasons are simply inaccurate characterizations of those reports.  The reports in question reflect that Dr. Lopez examined numerous medical records regarding plaintiff (Tr. at 361-62, 611-13) and conducted mental status examinations which revealed such symptoms as nervousness, suspicion, agitation, and problems with memory and concentration (Tr. at 366, 367, 616, 618).  Therefore, Dr. Lopez's reports do not amount to a mere reiteration of plaintiff's allegations.

Finally, in somewhat confusing fashion, the ALJ rejected Dr. Lopez's 1999 report because it was "based on a one-time examination of the claimant."  (Tr. at 384.)  The ALJ then rejected Dr. Lopez's 2003 report because it "was based on two examinations of the claimant."  (Tr. at 385.)  Such reasoning is difficult to understand.  It is also ironic since the opinion of Dr. House, which

/////

11

the ALJ relied upon for the most part, was rendered based on a single examination.  (Tr. at 425.)

For these reasons, the court finds that the ALJ failed to articulate specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinions of Dr. Lopez.

In light of these errors reversal is required and it is unnecessary to address plaintiff's other arguments.[2]  However, the appropriate remedy must be determined.  The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court.  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed."  Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting disability claims.  Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401.  Where, as here, there were no legitimate reasons given by the ALJ for disregarding the examining physicians' opinions, there is no need to remand the case for additional

---

[2] The court notes, however, that the ALJ also failed to even mention the lay testimony of plaintiff's sister.  This is a perplexing omission since the initial order of remand, issued pursuant to the stipulation of the parties, specifically directed the ALJ to address the credibility of the lay evidence.  (See Anderson v. Comm'r of Social Security, No. CIV.S-02-0977 DAD, Doc. no. 16.)

findings. See Moore v. Commissioner, 278 F.3d 920, 926 (9th Cir. 2002) (remanding for payment of benefits where the ALJ "improperly rejected testimony [plaintiff's] three examining physicians"); Ghokassian, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician"); Pitzer, 908 F.2d at 506; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

If the opinions of Dr. House and Dr. Lopez are properly credited, the evidence indicates that plaintiff is unemployable and disabled. Any work she might be able to perform would not amount to substantial gainful activity since it would be intermittent, irregular and subject to frequent interruptions. See Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980). Moreover, the vocational expert testified that the frequent work interruptions, to which Dr. House and Dr. Lopez attested, would eliminate all jobs in the national economy. (Tr. at 705-06, 711.)

Plaintiff filed her applications nearly eight years ago and no useful purpose would be served by delaying this matter further for additional administrative proceedings. Therefore, this matter will be remanded with the direction to grant benefits on plaintiff's application.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is granted;

2. Defendant's cross-motion for summary judgment is denied; and

3. The decision of the Commissioner of Social Security is reversed and this case is remanded with the direction to grant benefits.

DATED: March 30, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\anderson2637.order